**UNITED STATES of America**

v.

**Robert P. LEITER and Beulah G. Leiter d/b/a Associated Manufacturers & Sales Co.**

**Civ. A. No. 5498.**

United States District Court
N. D. Georgia, Atlanta Division.

July 19, 1956.

James W. Dorsey, U. S. Atty., Atlanta, Ga., for plaintiff.

Leiter & Leiter, Atlanta, Ga., for defendants.

SLOAN, District Judge.

On March 1, 1956 plaintiff filed its motion for summary judgment in the above case and on March 14, 1956 the same was overruled and denied, the Court holding that such motion was premature, the Order granting plaintiff the right to renew such motion after the defendants had filed their answers to the complaint, as amended. On May 14, 1956 such answers were filed by defendants and on July 5, 1956 plaintiff filed its renewed motion for summary judgment contending that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

After the filing of their answers, the defendants on June 25, 1956 filed separate motions for judgment on the pleadings, or in the alternative, for summary judgment. The defendants contend in the present motions that the statute of limitations for enforcement of the plaintiff's claim here had expired prior to the filing of the present complaint by reason of the provisions of § 274 of the Revenue Act of 1938. Title 26 U.S.C.A. (I.R.C. 1939) § 274. This section of the Act provides that upon the adjudication of bankruptcy of any taxpayer that any deficiency determined by the Commissioner in respect of any tax imposed by the Act. shall be immediately assessed in accordance with law. This section further provides for notice in writing to the Commissioner of Internal Revenue by the trustee or receiver and that the running of the statute of limitations on the making of assessments shall be suspended from the date of adjudication to a date thirty days after the notice is received by the Commissioner, but that such suspension shall, in no case, be for a period in excess of two years. It is further provided that any claim "allowed" in such bankruptcy proceeding which is unpaid shall be paid by the taxpayer upon notice

and demand by the Collector after termination of the proceeding and may be collected by distraint or proceeding in any court within six years after the termination of such proceeding. The defendants contend that since plaintiff's claim here was never "allowed" that the statute of limitations under the above section is not applicable to extend the limitation period to six years after the termination of the proceeding on June 7, 1954 but that the statute began to run on July 2, 1948, the date of the filing of plaintiff's amended proof of claim in the Bankruptcy Court and that the time for collection of such claim expired six years thereafter.

The facts, so far as they relate to defendants' motions, under the pleadings, affidavits and exhibits are found as follows:

On December 16, 1947, an involuntary petition in bankruptcy was filed against Associated Manufacturers and Sales Company, a partnership composed of Beulah G. Leiter and R. P. Leiter, and against R. P. Leiter, individually, and such partnership and R. P. Leiter, individually, were adjudicated bankrupts on April 28, 1948. Beulah G. Leiter was never adjudicated a bankrupt. On June 28, 1948 the trustee in bankruptcy filed a "Manufacturer's Excise and Electrical Energy Tax return" for the partnership covering the taxes involved here and on July 2, 1948 the then Collector of Internal Revenue for Georgia filed a proof of claim in the bankruptcy proceeding covering these taxes, as well as other items of taxes and on October 14, 1948 such Collector filed an amended proof of claim for such taxes and interest. Form 70A in the bankruptcy proceeding shows that on May 29, 1948 notices were mailed to all creditors and other parties of the first meeting of creditors to be held on June 10, 1948 and that such meeting of creditors was held on such date and that "Charles R. Hull, Jr., appeared for the Internal Revenue Agent". The filing of plaintiff's claim for taxes on July 2, 1948, and the filing of its amended claim for same on October 14, 1948 is shown on Bankruptcy Form 71, 11 U.S.C.A. following section 53, in the bankruptcy proceeding, but the blank column in this form for the amount "allowed" is left blank, and there is no evidence in the record here which reflects, directly or indirectly, that any amounts claimed by plaintiff in its original or amended proof of claim were ever "allowed" in such proceeding. An order discharging the bankrupts was entered on February 15, 1954 and the final meeting of creditors in the bankruptcy proceeding was held on June 7, 1954. On June 29, 1954 an order was entered approving the trustee's final report and account and discharging the trustee.

On February 26, 1952 the Commissioner of Internal Revenue made an assessment of the taxes here involved against the defendants as co-partners and individually, and on January 24, 1956 the plaintiff filed this action praying for a judgment against Robert P. Leiter and Beulah G. Leiter for the amount of such assessment.

The contention of the plaintiff is that notwithstanding the provisions of § 274, supra, relied upon by the defendants, that sec. 3312 (26 U.S.C.A., I.R.C.1939, § 3312) gives it the right to assess the taxes here at any time by reason of the fact that defendants failed to file a return of such taxes within the time provided by law. This section provides, in part, as follows:

"In case of * * * a failure to file a return * * * the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time."

Here the plaintiff, as it was perhaps required to do, filed its claim in the Court of Bankruptcy on July 2, 1948 and thus commenced "a proceeding in court for the collection of such tax * * * without assessment * * *."

The United States, as plaintiff, having failed to have its claim allowed in the Bankruptcy Court so that the statute of limitations would be extended on such claim as provided in § 274, supra, now seeks to abandon and ignore such pro-

ceeding and to assess the tax and files this action in the district court to recover upon such assessment. This plaintiff may not do as the action is barred by the statute of limitations by reason of the fact that such statute began to run on July 2, 1948 when plaintiff filed its claim in the Bankruptcy Court. It is therefore

Ordered that the motions of defendants, Robert P. Leiter and Beulah G. Leiter, for summary judgment be and the same are hereby granted and that the motion of plaintiff, United States of America, for summary judgment be and the same is hereby overruled and denied. The complaint is hereby dismissed as barred by the statute of limitations.